Myers, J.
 

 This action in
 
 habeas corpus
 
 was orig-
 

 inally filed in the Court of Appeals where the. petitioner sought release from custody under a judgment of conviction in the Municipal Court of Cincinnati. The conviction 'was for failing to provide his child with food in violation of Section 12970, General Code.
 

 The foundation of the instant action was the claim that Section 12970, General Code, was repealed by Section 1639-62, General Code (117 Ohio Laws, —), being a part of the new Juvenile Court Code, reading as follows: “That existing Sections 1639 to 1683-1, inclusive, of the General Code, and all other sections' or parts of sections of the General Code inconsistent herewith, be, and the same are hereby repealed.”
 

 The Court of Appeals found that Section 12970, General Code, was not repealed by Section 1639-62, and dismissed the petition.
 

 It is claimed that Section 12970, General Code, is “inconsistent” with Section 1639-46, General Code, in respect to the penalties provided and was therefore repealed by Section 1639-62,.
 
 supra.
 
 For the purpose of comparison we quote both sections.
 

 Section 12970, General Code, a part of the general Criminal Code, reads as follows: “Whoever, having the control of or being the parent or guardian of a child under the age of sixteen years, wilfully abandons such child, or tortures, torments, or cruelly or unlawfully punishes it, or wilfully, unlawfully or negligently fails to furnish it necessary and proper food, clothing or shelter, shall be fined not less than ten dollars nor
 
 *42
 
 more than two hundred dollars or imprisoned not more than six months, or both. ’ ’
 

 • Section 1639-46 reads in part as follows: “Whoever is charged by law- with the care, support, maintenance or education of a child and fails, neglects or refuses so to do, or who abandons such child, or who unlawfully beats,"neglects, injures or otherwise ill treats such child, or causes or allows him or her to engage in common begging, or whoever, being the father of an illegitimate child under the age of eighteen years a,nd fails, neglects or refuses so to do, upon complaint filed in the court exercising the powers and jurisdiction in this chapter conferred, shall be fined not less than ten dollars, nor more than five hundred dollars, or imprisoned not less than ten days nor more than one year, or both.”
 

 An examination of the history of Section 12970 reveals the fact that when it was originally enacted in 1884, as Section 6984a, Revised Statutes, its primary purpose was punishment for any one who tortured or tormented an adult as well as a child or who failed to provide for children or others. In the codification bf 1910, Section 6984a, Revised Statutes, was apparently separated into two sections of the General Code; the first being Section 12428 providing penalties for any one who tortures or torments another or deprives such a person of necessary food, clothing or shelter, while Section 12970 provides penalties for similar offenses against minors. In the original Section 6984a, Revised Statutes, we find the following, “having the ability or means to support such child or children,” which language we do not find in Section 12970, General Code.
 

 Section 12970, General Code, is not the only section of the general Criminal Code relating to offenses against minors. But before passing to some others, let us examine the particular wording of this statute.
 
 *43
 
 It begins as follows: “Whoever, having the control of * * *.” Section 1639-46, General Code, begins, “Whoever is charged by law with.the care, support, * * * of a child.” There is a difference here which may reasonably explain the different penalties of the two statutes. A child might be visiting with a relative or other person and thereby be under “the control of” such relative or other person. In such a case the relative or other person might not necessarily be “charged by law with the care, support, maintenance or education of” the child as provided in Section 1639-46. While Section 12970 also says “or being the parent or guardian of a child,” nevertheless the child might be living with a mother who has custody or control of the child while the father might be charged by law with the support of the child.
 

 The foregoing and other situations may explain the reason for various sections of the statutes attempting to reach and correct or punish the dereliction of a parent or other person in failing to fulfill the duties owing to a child in its tender and formative years and even before its birth.
 

 Section 13009, General Code, illustrates another approach to this problem of parental care. This section reads as follows: “Whoever, being the father of a legitimate child under sixteen years of age, or, being the husband of a pregnant woman, leaves, with intent to abandon, such child or pregnant woman, shall be imprisoned in a jail or workhouse at hard labor not less than six months nor more than one year, or in the penitentiary not less than one year nor more than three years.”
 

 Here we have abandonment of a child, mentioned also in Section 12970 which it is claimed has been repealed, but it will be noted that the penalty in Section 13009 is much greater, from six months in jail or workhouse at hard labor to' three years in the peni
 
 *44
 
 tentiary. Another Section of the General Code, 13008, approaches the problem of failure to provide, from still a different angle and there too the penalty is the same as in Section 13009.
 

 A mere reading of the foregoing as well as other sections of the Criminal Code relating to offenses against minors, reveals the intention of the Legislature to surround the child in its early years with every ipossible protection.
 

 It is specifically urged that the prosecuting witness or prosecuting attorney, by electing to proceed under either Section 12970 or Section 1639-46, could determine the punishment which might be imposed upon the defendant. The same thing is true in respect to other sections already referred to. It should be remembered in such connection that it is the court that determines the sentence within the limits fixed by law. The mere selection of the forum does not necessarily mean that the accused will be found guilty or that he will receive the maximum sentence provided. There was, therefore, no such delegation of power as would render invalid either Section 12970, General Code, or the more recent enactment, Section 1639-46.
 

 Another reason why these sections are not inconsistent may be found in the circumstances surrounding the failure or neglect to provide. In one case it might be mere failure to provide enough food. In another case such failure might be accompanied by abandonment or cruelty, or other circumstances tending to aggravate the offense of failure to provide. Where the failure to provide is aggravated by other circumstances, different penalties might be imposed. We find no inconsistency in such different penalties being provided by the Legislature.
 

 Applying the foregoing standard of comparison to the two statutes here in question, we find that Section 1639-46, General Code, has a much broader base than
 
 *45
 
 Section 12970. In addition to the subjects generally covered by Section 12970, we find that the stronger penalty provided in Section 1639-46 also covers the failure to educate a child, or causing or allowing such child “to engage in common begging.”
 

 Section 12970, and other parts of the Criminal Code dealing with offenses against minors approach the problem from the standpoint of the adult, while it may be said that Section 1639-46 and other parts of the Juvenile Court Code approach the problem from the standpoint of the child. The Juvenile Court Code contains more of the elements of continued supervision and correction than does the Criminal Code relating to similar offenses.
 

 When we examine more closely what was intended to be repealed by Section 1639-62, we find that Section 1655, General Code, was the forerunner of and was superseded by Section 1639-46. In other words Section 1655 of the General Code was expressly repealed and Section 1639-46 was enacted in its place. That being true, it becomes necessary to know in what manner the pertinent parts of the statute here involved were
 
 amended,
 
 for that in reality is what was done by the Legislature. The pertinent part of Section 1655 be-. fore amendment in 1937 read as follows: “Whoever is charged by law with the care, support, maintenance or education of a minor under the age of eighteen years, and is able to support or contribute toward the support or education of such minor, fails, neglects or refuses so to do, or who abandons such minor, or who unlawfully beats, injures, or otherwise ill treats such minor, or causes or allows him or her to engage in common begging, or whoever, being the father of an illegitimate child under the age of sixteen years and able to support or contribute toward the support of such child, fails, neglects or refuses so to do, upon complaint filed in the juvenile court, as provided in
 
 *46
 
 this chapter, shall be fined not less than ten dollars, nor more than five hundred, or imprisoned not less than ten days nor more than one year, or both * *
 

 By comparing the quoted part of Section 1655 with the pertinent part of Section 1639-46, quoted
 
 supra,
 
 it will be observed that very little change was made. Certainly no such change was made in amending Section 1655 as would warrant any .one in construing the same to be a repeal of Section
 
 12970.
 
 The mere fact that an entire new Juvenile Court Code was enacted does not create any presumption that sections of the Criminal Code relating to similar offenses were repealed unless the intendment be clear and convincing.
 

 It is claimed that Section 12970 was repealed by virtue of the jurisdiction conferred by Section 1639-7 in language as follows: “The Juvenile Court, or the Court of Common Pleas, division of domestic relations of any county, * * * shall have and exercise the powers and jurisdiction conferred in this chapter.” Even though Section 12970 is not in the Juvenile Court Code, it is urged that the foregoing gives to the Court of Common Pleas, division of domestic relations, exclusive jurisdiction of the offense charged in the instant case. A more minute inspection of Section 1639-16 does not so indicate. That section says that court shall have exclusive original jurisdiction, “concerning any child who is (1) delinquent, (2) neglected, (3) dependent, or (4) crippled.” The foregoing language clearly means exclusive original jurisdiction “concerning any child” from the standpoint of the child. The part relating to adults is found in subdivision
 
 3b
 
 of Section 1639-16 and reads as follows: “The court shall have original jurisdiction to determine all cases of misdemeanors charging adults” with offenses toward minors. Here the word “exclusive” is not used. It will be observed therefore that
 
 exclusive jurisdiction
 
 is only conferred by the Juvenile Court Code with re
 
 *47
 
 spect to offenses from the standpoint of the child. We find, therefore, no snch conflict as would deprive the Municipal Court of Cincinnati of jurisdiction in the instant case.
 

 Considering the history, character and purpose of Section 12970, General Code,- as well as the amending of Section 1655, General Code, into Section 1639-46 of the Juvenile Court Code, we aré unable to say that the former statute was repealed by the language used in Section 1639-62.
 

 Finding no error in the judgment of the Court of Appeals the same will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Gorman, JJ., concur.